**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**CASSIE BORRESON** **PLAINTIFF**

**V.** **CASE NO. 3:26-CV-00009 KGB-JTK**

**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

# RECOMMENDED DISPOSITION

## I. Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Chief Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## II. Introduction:

Plaintiff, Cassie Borreson ("Borreson"), filed an application for disability benefits and supplemental security income on August 9, 2023. (Tr. at 13). In the applications, she alleged that her disability began on June 12, 2023. *Id.* The

application was denied initially and upon reconsideration. *Id.* After conducting a hearing, an Administrative Law Judge ("ALJ") found that Borreson was not disabled. (Tr. at 13-26). The Appeals Council denied Borreson's request for review of the decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Borreson has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III. **The Commissioner's Decision:**

Borreson meets the insured status requirements of the Social Security Act through December 31, 2028. (Tr. at 15). The ALJ determined that Borreson has not engaged in substantial gainful activity since June 12, 2023, the alleged onset date.[1] *Id*. The ALJ found, at Step Two, that Borreson has the following severe impairments: lumbar degenerative changes status-post L5-S1 fusion with L5-S1 pseudoarthrosis and a broken screw, cervical degenerative changes, vertigo, and obesity. (Tr. at 16).

The ALJ determined that Borreson did not have an impairment or combination

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

of impairments that met or medically equaled a Listed Impairment.[2] (Tr. at 17-18). Next, the ALJ found that Borreson had the residual functional capacity ("RFC") to perform work at the sedentary exertional level as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following limitations: (1) occasional climbing of ramps/stairs but no climbing of ladders, ropes, or scaffolds; (2) occasional balancing, stooping, kneeling, crouching, crawling, as those terms are defined in the Selected Characteristics of Occupations; and (3) no exposure to hazards such as unprotected heights and dangerous moving machinery. (Tr. at 18).

The ALJ found that Borreson, who was 34 years old on the alleged disability onset date, is unable to perform any past relevant work (Tr. at 23-25). At Step Five, relying upon testimony from a vocational expert ("VE"), the ALJ found that, considering Borreson's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Borreson could perform. *Id.* Therefore, the ALJ concluded that Borreson was not disabled. *Id.*

## IV. **<u>Discussion</u>:**

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's

---

[2] See 20 C.F.R. Part 404, Subpart P Appendix 1: "Adult Listing of Impairments."

decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent

decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole, which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Borreson's Arguments on Appeal

Borreson contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. Her sole argument is that the ALJ erred in how he evaluated her subjective complaints, specifically with respect to back pain.[3]

The ALJ assessed severe impairments in Borreson's lumbar and cervical spine. (Tr. at 16). She had lumbar surgery in 2021 and 2023. (Tr. at 19-23). She was in a car accident in 2022 and complained of radiating pain. *Id*. She treated with steroid injections, physical therapy and radiofrequency ablation. *Id*.

Borreson argues that, in evaluating Borreson's subjective complaints, the ALJ did not discuss evidence that detracted from his decision. However, the ALJ

[3] When evaluating a claimant's subjective complaints, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

explained, for example, that while objective imaging showed only mild-to-moderate conditions, clinical exams showed decreased range of motion, tenderness to palpation, and an antalgic gait. (Tr. at 19-21). The ALJ stated that Borreson tried a variety of therapies to mitigate her pain. *Id*. He discussed that some were quite successful, and some were not as successful. *Id*. He also observed that Borreson was able to perform daily activities like driving, caring for her daughter, preparing simple meals, and shopping in stores.[4] (Tr. at 15-19). Moreover, Borreson still worked at least part-time during the relevant time-period, and as of the hearing date, she was working as a hostess at a hotel.[5] *Id*. The ALJ also noted that Borreson continued to smoke in spite her doctor's recommendation to stop, which compromised her back pain.[6] (Tr. at 20).

The ALJ also considered the state agency medical experts' RFC opinions. (Tr.

---

[4] Such daily activities undermine her claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[5] Working generally demonstrates an ability to perform a substantial gainful activity, and it is inconsistent with complaints of disabling conditions. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994).

[6] *See Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997) (the ALJ correctly discounted claimant's credibility when claimant failed to stop smoking despite physician's orders).

While Borreson quibbles with the ALJ's phrasing about her smoking, I find no prejudicial error.

at 22). The doctor at the initial level of review found that Borreson could perform light work with postural restrictions. (Tr. at 62-63). The ALJ found this opinion to be unpersuasive, reasoning that the medical evidence showed that Borreson was more limited and would need greater RFC restrictions. (Tr. at 22). He found persuasive the reconsideration level doctor's opinion that Borreson could perform only sedentary work. (Tr. at 22, 88-89). This shows that the ALJ credited the nature and severity of Borreson's pain, and he did not wholly discount her subjective complaints. His discussion of Borreson's subjective complaint was thorough, and his determination that her complaints were not entirely consistent with the balance of the evidence was well-founded. (Tr. at 19). Borreson's argument is unavailing.

## V. <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision to deny benefits. The finding that Borreson was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 2nd day of November, 2026.

UNITED STATES MAGISTRATE JUDGE